M. Grau e Hijos, Petitioner, v. District Court of Aguadilla, Respondent.

No. 731.   Argued July 29, 1930.—Decided August 1, 1930.

*Oscar Souffront* for petitioner.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

M. Grau e Hijos, a partnership domiciled in Mayagüez, filed an action of debt in the Municipal Court of that city against Emilio Cardona and obtained a judgment in its favor. On motion of the plaintiff, the clerk of the court, "on December 23, 1929, issued a writ of execution directed to the Marshal of the Municipal Court of Añasco, Andrés Bonilla, and the latter attached, in accordance with the designation made by the plaintiff, every right, title, and interest of the defendant in a piece of rural property situated in the ward of Puntas in the Municipal District of Rincón, and advertised a sale at public auction of the said property to take place on February 14, at 2 o'clock p. m., at the office of the said Marshal located in the premises occupied by the Municipal Court of Añasco for the purpose of satisfying the principal sum of $350, together with interest and costs."

In this situation, on the 13th of last February, Emma Cardona Santos, represented by her father with *patria potestas*, Jenaro Cardona, and Clotilde and Ramón Rodríguez filed in the District Court of Aguadilla a complaint in intervention and injunction against M. Grau e Hijos and the

said marshal, claiming the attached property as belonging to them. They alleged to have acquired it by purchase from Emilio Cardona and that, not having a recordable title, they established their ownership before the District Court of Aguadilla, which rendered judgment accordingly on July 13, 1929, and the judgment was recorded in the registry of property. They further alleged that the property was worth one thousand dollars. Thereupon the district court by an order restrained the respondents from proceeding with the advertised sale.

M. Grau e Hijos appeared in the intervention proceeding and filed the following demurrer:

"Now comes M. Grau e Hijos, defendant herein, and alleges that this court has no power to take cognizance of the present intervention proceeding as it has no jurisdiction of the subject matter of the action, all of which appears on the face of the complaint, to wit:

"It appears from the fourth paragraph of the complaint that the order of execution by virtue of which the attachment was levied on the piece of property described in the first paragraph of the complaint was made by the Municipal Court of Mayagüez, and the writ of execution was issued in pursuance of that order to the Marshal of the Municipal Court of Añasco, who attached the property as belonging to the defendant Emilio Cardona.

"Section 17 of the Act in force in regard to intervention proceedings, approved March 14, 1907, as amended by Act No. 12 of March, 1908, p. 83 (sic), in designating the court which is to take jurisdiction of the proceedings, reads as follows:

"'The court from which the writ issued shall have jurisdiction of the suit of the trial of the right of property under the terms of this act: Provided, however, That should the original suit in which the execution or attachment is issued be pending in a municipal court and the value of the property attached exceeds five hundred dollars, then, in that event, the jurisdiction of the trial of the right of property claimed shall be in the district court before which appeals lie from the decisions of the municipal court in which the original suit is pending.'

"(See section 5277 of the Revised Statutes of 1911.)

"Section 18 of the said Act confirms the foregoing and reads as follows:

" 'The court having jurisdiction in cases which caused the issuance of the writ that gave rise to the third party's claim, shall also take cognizance of suits brought by a third party.'

"Section 16 (*a*), which precedes both the above sections, refers exclusively to intervention proceedings with regard to real property.

"Therefore, the complaint shows in its face that the court which made the order of execution and attachment was the Municipal Court of Mayagüez, and that the attached property was worth more than five hundred dollars, the court to have cognizance of the intervention proceeding instituted in the present case is the District Court of Mayagüez, to which appeals are taken from judgments rendered by the Municipal Court of Mayagüez, which ordered the attachment, and from those rendered by the Municipal Court of Añasco, whose marshal executed the writ."

The court overruled the demurrer, and M. Grau e Hijos then applied to this court for a writ of certiorari directed to the district court requiring the latter to send up the record, and for a final judgment declaring that the jurisdiction to determine the intervention proceeding belongs to the District Court of Mayagüez and not to that of Aguadilla.

The grounds upon which the District Court of Aguadilla based its exercise of jurisdiction in this case were set forth by the court itself as follows:

"It appears from the first paragraph of the complaint that the property sued on is located in the ward of Puntas, Municipality of Rincón, within this judicial district.

"Section 75 of the Code of Civil Procedure reads as follows:

" 'Sec. 75. Actions for the following causes must be tried in the district in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial, as provided in this Code:

" '1. For the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property.

" '2.         .         .         .         .         .         .         .         .         .

" '3.         .         .         .         .         .         .         .         .         ,'

"Section 16 (*a*) of the Act of March 14, 1907, regarding intervention proceedings (*Ley de Tercerías*) which was added to that statute in pursuance of the Act approved March 12, 1908, says:

" 'The claim of a third party to real property shall be initiated by an action brought by the claimant against the persons having interest in the matter, and the trial shall be conducted according to the proceedings in the Code of Civil Procedure. . .'

"In the case of Insular Motor Corporation v. District Court of San Juan, recently decided by our Supreme Court, the following has been declared:

" 'Upon considering the act as a whole, it will be seen that the said proceeding constitutes a separate action and is determined quite independently of the suit in which the attachment originated. Hence there is nothing to prevent a court other than the one where the writ of attachment issued from taking cognizance of such proceeding.'

"This being so, the demurrer for want of jurisdiction is hereby overruled and the defendant, M. Grau e Hijos, is allowed twenty (20) days in which to answer the complaint filed."

Although the *Insular Motor Corporation* case cited had reference to movable property, its reasoning is applicable to the instant case, which deals with real property. We think it advisable to reproduce another paragraph from the opinion in the cited case (*ante*, p. 129), as follows:

"It would seem logical that an intervention proceeding in attachment should ordinarily be heard in the same court in which the main action is being prosecuted; hence sections 17 and 18 of the statute. And such is the venue where the property levied upon, which is claimed by a third person, is located in the same district. If located in another district, there arises then the special case regulated by sections 8. and 9 of the statute."

The rules contained in sections 17 and 18 of the statute in regard to intervention proceedings, contemplate the ordinary case where everything takes place within the same judicial district, but not where property is attached in another district.

Under the provisions of the statute, a judgment rendered by a district court or even by a municipal court may be executed upon property of the defendant located in another district, but the citizens of such district who claim to be the lawful owners of the attached property can not be compelled to enforce their claims in another jurisdiction. If this is so

in the case of movable property, it must be so for a stronger reason where real property is concerned.

The fact must not be overlooked that the statute regarding interventions was first enacted to apply to movable property and afterwards extended to cover real property, and that although some of the sections of the act, like sections 8 and 9, retained their original form which made specific reference only to movable property, there is no question that, from the attitude taken by the legislator and the general context of the statute it must be inferred that the provisions contained in the said sections should also be applied as far as possible to real property.

We think that the statute was properly construed by the District Court of Aguadilla and that that court has jurisdiction of the intervention proceeding. Therefore, the writ of certiorari sought must be denied.

Mr. Justice Texidor took no part in the decision of this case.